IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WALKER, ET AL. | * | |
| | * | |
| v. | * | |
| | * | 3:85-CV-1210-O |
| U.S. DEPARTMENT OF HOUSING | * | |
| AND URBAN DEVELOPMENT, ET AL., | * | CLASS ACTION |
| | * | |

PLAINTIFFS' MOTION FOR RELIEF FROM DHA'S NON-COMPLIANCE
WITH REMEDY ORDERS

Plaintiffs move the Court for injunctive relief to remedy the Housing Authority of the City of Dallas' (DHA) violations of current Court Orders. Plaintiffs provided DHA with written notice of the facts supporting the violations on March 7, 2018. App. 3.[1] The parties have negotiated but were not able to resolve the issues. The facts and arguments supporting Plaintiffs' motion are set out in the Plaintiffs' Brief in Support of Plaintiffs' Motion for Relief from DHA's Non-Compliance with Remedy Orders.

The issues presented arise because the Walker Settlement Vouchers were intended to serve as long term substitutes for the development and occupancy of public housing units that were to be placed in majority White, non-Hispanic Dallas and suburban census tracts. The use of the vouchers was necessary as an element of the remedy for DHA's and HUD's intentional racial segregation in the DHA public housing program. *Walker v. City of Mesquite*, 169 F.3d 973, 987–88 (5th Cir. 1999), *cert. denied*, 528 U.S. 1131 (2000). DHA is violating the 2004 Agreed Final Judgment and the incorporated 2001 settlement orders requiring specific conditions for the

---

[1] "App." refers to Plaintiffs Appendix in Support of Plaintiffs's Motion for Relief From DHA's Non-Compliance with Remedy Orders.

-1-

long term use of the Walker Settlement Vouchers as a substitute for the public housing units that would have been in place for the long term. DHA is also in violation of subsequent orders requiring DHA to re-issue Walker Settlement Vouchers to class members. Agreed Final Judgment, ¶ 6(b), page 2, ¶ 8, page 3, ¶ 9, page 9, Document 2522.

**The violations**

DHA refuses to re-issue and provide funding for approximately 1,000 remaining Walker Settlement Vouchers to class members as required by the Court. Memorandum Opinion and Order, Document 2622, 05/17/07, page 1. HUD has the court ordered obligation to provide funding for the Walker Settlement Vouchers. The funding must be in addition to the baseline funding for DHA's other vouchers. Settlement Stipulation and Order, ¶¶ 2, 3, pages 2-3, Document 2123. DHA has not asserted that the lack of funding is caused by a HUD violation of the Settlement Stipulation and Order by not providing the necessary funding. The evidence will show that DHA has substantially increased both the number of non-Settlement Vouchers and the funding for those vouchers compared to the Walker Settlement Voucher numbers and funding. App. 82 - 83.

There is also a short term funding issue. As set out in the accompanying brief, DHA has stated that it will comply with HUD's direction to continue refusing to re-issue all vouchers including the Walker Settlement Vouchers as a condition of eligibility for additional, short term, voucher funding. However, even when the short term funding shortfall matter is resolved, DHA is asserting that it will not provide funding for the remaining 1,000 Walker Settlement Vouchers. App. 20.

DHA refuses to provide Walker Settlement Voucher clients with financial assistance

from the HUD awarded settlement funds for housing mobility into Walker Target Areas. DHA's action violates ¶¶ 3, 4, 5, 6, and 10(c) of Order Approving Plan for DHA's Implementation of HUD Settlement as DHA's Section 8 Substitution Plan. Pages 3,4, 7, Document 2143.[2] DHA's Walker Settlement audits and annual reports to the Court show approximately $3,000,000 available for Walker Settlement Voucher mobility counseling and financial assistance. DHA denies the money is available. There is a factual dispute about the amount of the remaining funds.

DHA refuses to produce documents and other information necessary to monitor compliance with the court orders in this case regarding the re-issuance and funding of the 1,000 additional Walker Settlement Vouchers and the remaining HUD Settlement funding for Walker Settlement Voucher mobility financial assistance.

**The remedy**

Plaintiffs seek injunctive relief requiring DHA to:

A. re-issue and fund approximately 1,000 remaining Walker Settlement Vouchers to class members as required by the orders in the case;

B. provide Walker Settlement Voucher clients with financial assistance from the HUD awarded settlement funds for housing mobility into Walker Target Areas; and

C. produce the documents and other information necessary to monitor compliance with the court orders in this case for the issuance and funding of the Walker Settlement vouchers and the provision of the remaining HUD settlement funding for the Walker Settlement Voucher

---

[2] This Order remains in effect pursuant to the DHA Agreed Final Judgment Doc 2522, ¶¶ 6.b.( Page 2); 8. (Page 3); and 9 (page 4).

mobility counseling financial assistance.

Plaintiffs propose that DHA be given an opportunity to submit a proposed plan to the Court for providing the remedy after seeking Plaintiffs' comments and objections on the proposal. See proposed order submitted with the motion.

        Respectfully Submitted,

/s/ Michael M. Daniel
Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: daniel.michael@att.net
Attorney for Plaintiff

Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net
Attorney for Plaintiff

Certificate of Conference

The motion is opposed after the parties conferred. The conference was initiated by Michael Daniel and Laura Beshara emailing a draft of the motion, brief, appendix, and proposed order to DHA's attorneys Greg Mays and Katie Anderson on August 1, 2018. The attorneys conferred by conference call on August 10, 2018. DHA staff and its attorneys met with plaintiffs' attorneys and conferred again on September 6, 2018. The parties are in disagreement about the basis for the relief and the substance of the relief requested.

s/ Michael M. Daniel
Attorney for plaintiffs

Certificate of Service

I hereby certify that on September 11, 2018 I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/ Michael M. Daniel