IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WALKER, ET AL. | * | |
| | * | |
| v. | * | |
| | * | 3:85-CV-1210-O |
| U.S. DEPARTMENT OF HOUSING | * | |
| AND URBAN DEVELOPMENT, ET AL., | * | CLASS ACTION |
| | * | |

PLAINTIFFS' BRIEF IN SUPPORT OF
JOINT PLAINTIFFS' AND DHA'S MOTION FOR APPROVAL AND DIRECTION
OF NOTICE TO THE CLASS AND, AFTER NOTICE, COMMENT, AND HEARING, FOR
APPROVAL OF THE PROPOSED AMENDED AGREED FINAL JUDGMENT

Plaintiffs' class representative and Plaintiffs' class counsel support the proposed Notice to the Class and Joint Motion to Approve the Proposed Amended Agreed Final Judgment.

**Standards for the approval of the notice and the proposed agreement**.

Fed. R. Civ. P. 23(e)(1)(B) provides that giving notice to the class must be justified by showing that the Court will likely be able to approve the proposed agreement under Fed. R. Civ. P. 23(e)(2) and certify the class if the class is not already certified. Rule 23(e)(2) requires the Court to approve the proposal only after a hearing, consideration of the required factors, and a finding that the proposal is fair, reasonable, and adequate.

**The Court will likely be able to approve the agreement and the class is already certified.**

**The proposal is likely to be approved pursuant to Rule 23(e).**

The following sections show that the Rule 23(e)(2) requirements are met.

**(A) the class representatives and class counsel have adequately represented the class**

The class has been certified since 1987 and was certified again for the HUD Settlement Stipulation and Order in 2001. *Walker v. HUD*, 734 F.Supp. 1231, 1233 n. 11 (N.D. Tex. 1989); Agreed Order Certifying Rule 23(b)(2) Class (January 19, 2001, Dkt. No. 2113). The class representative Lillie Kay Thompson has adequately represented the class. Ms. Thompson continues to assist other class members obtain desegregated housing with their vouchers through her work as a mobility assistance program counselor with the Inclusive Communities Project, Inc. Plaintiffs' Appendix in Support of the Joint Plaintiffs' and DHA Motion (Plaintiffs' Appendix), pages 2 - 4.

Class counsel have adequately represented the class. One of Plaintiffs' class counsel, Michael M. Daniel, has been representing the class since the filing of the case in 1985. The other Plaintiffs' class counsel, Laura B. Beshara, has been representing the class since 1991. Plaintiffs' counsel obtained the Walker Settlement Voucher program remedy in 2001. March 8, 20019, Settlement Stipulation and Order. Daniel & Beshara, P.C.'s monitoring of the implementation of the Walker Settlement Voucher program provided the data giving rise to the issues of unspent Walker Settlement Voucher program financial assistance, the discrepancy in the number of Walker Settlement Vouchers available for use, and the refusal to provide documents relevant to these issues. Class Counsel provided the required notice of noncompliance and conferred with DHA on the issues. Plaintiffs' Appendix in Support of Plaintiffs' Motion for Relief From DHA's Non-compliance with Remedy Orders, Doc. No. 2789, pages 3 - 18. Class Counsel filed the Motion for Compliance on September 11, 2018. Plaintiffs' Motion for Relief from DHA's Non-compliance With Remedy Orders, Doc. 2787. Plaintiffs' counsel conducted discovery on the motion. Class counsel served a request for production of documents and noticed and held

Fed. R. Civ. P. 30(b)(6) depositions on the content of the documents along with other subjects. Plaintiffs' Appendix pages 4 - 34.

These actions led to the settlement that provides the relief sought for the class and included in the proposed Amended Agreed Final Judgment. Compare Plaintiffs' Motion, Doc. 2787, pages 3 and 4 with proposed Agreed Final Judgment, Joint Appendix, pages 10 -11, 13 - 15.

**(B) the proposal was negotiated at arm's length**.

The proposed Amended Agreed Final Judgment was negotiated as part of the settlement negotiations on the relief sought in Plaintiffs' Motion for Relief from DHA's Non-compliance With Remedy Orders, Doc. 2787.[1] The negotiations took place through in person conferences, phone calls, emails, and document exchanges. There are no side agreements or understandings or agreements that would require listing pursuant to Fed. R. Civ. P. 23(e)(3). The parties know that Class Counsel will move for an award of attorney fees if the Court approves the proposed Agreed Amended Final Judgment. However, there is no agreement for DHA to pay attorney fees. The negotiations were at arms length.

**(C) the relief provided for the class is adequate, taking into account the required factors.**

The relief provided to the class is the relief sought in the Plaintiffs' motion for compliance. The relief in the Amended Agreed Final Judgment will benefit the class.

---

[1] See Plaintiffs' Reply Brief, Doc. 2799; Defendant Housing Authority of the City of Dallas' Sur-reply to Plaintiffs' Reply Brief Concerning Plaintiffs' Motion for Relief from DHA's Non-compliance with Remedy Orders, pages 3 - 5, Doc. 2806.

DHA will provide $2,850,000 for Mobility Financial Assistance to pay application fees, security deposits, landlord bonuses, utility deposits, and moving expenses for Walker Settlement Voucher tenants as provided in the Agreed Settlement Voucher Implementation Plan 2019 that is part of the proposed agreement. Joint Appendix, pages, 20 - 21. The payment standard for the Walker Settlement Vouchers will remain up to 125% of the relevant Small Area Fair Market Rent (SAFMR). Upon HUD publication of new SAFMRs, the payment standard based on those SAFMRs shall be effective no later than three months immediately following HUD's final publication of the SAFMRs for the next fiscal or calendar year and in compliance with 24 C.F.R. 982.503(b). There have been about 1,600 WSVs in use for the last few years. The total number that will be available for use will go up to 2,646. A Settlement Voucher will become a regular Housing Choice Voucher when the class member using the Settlement Voucher ceases receiving benefits from any DHA housing program, whether such cessation of benefits is voluntarily or involuntarily. Joint Appendix, pages 9, 30.

The proposed agreement provides the relief without incurring the costs, risks, and delay of trial and appeal. The relief to the class will be distributed according to the longstanding processes for the issuance of Walker Settlement Vouchers and the provision of financial assistance that are restated in the Agreed Settlement Voucher Implementation Plan 2019 that is part of the proposed agreement. Joint Appendix, pages 18 - 32. This process is modified to allow specific efforts to provide the opportunity to obtain a Walker Settlement Voucher to voucher families currently residing in racially segregated, high poverty areas. But this priority does not deprive any class member of the opportunity to obtain a Walker Settlement Voucher. All class

members continue to be eligible for a Walker Settlement Voucher. Agreed Settlement Voucher Implementation Plan 2019, page 8, Joint Appendix page 25.

**(D) The proposed agreement treats class members equitably**.

The priority for class members currently residing in racially segregated, high poverty areas is equitable. These families are in neighborhoods with the highest crime rates and other adverse neighborhood conditions. The priority given to these families recognizes the disparity in the neighborhood conditions in which they are currently receiving voucher assistance. DHA estimates that 2,946 housing choice voucher families live in these tracts where the average poverty level is 44.5% of the population. Based on DHA's data, 804 of these voucher families in census tracts where the average poverty level is 50% or more of the population. Plaintiffs' Appendix, pages 35 - 36.

The proposal will apply a different demographic standard to determine whether a census tract is eligible for Walker Settlement Vouchers. The current standard is: 1) whether the tract has an African American population percentage equal to or less than the African American population of the City of Dallas (25.7), and 2) whether the tract has a poverty population that is less than the poverty percentage of the City of Dallas (22.3). Agreed Amendments to Walker Settlement Voucher Implementation Plan, page 1 n.2, page 8, column headings, Doc. 2740-1. The proposal makes census tracts eligible if the tracts are not "minority neighborhoods" and the tracts have a poverty percentage less than the poverty percentage of the City of Dallas. A minority neighborhood is one in which the minority's percentage in the tract is less than 20 percentage points above the minority percentage of the City of Dallas population. Joint Appendix, page 5. For example, if the 2020 U.S. Census population for the City of Dallas is 25%

African American, an African American minority neighborhood must have an African American population percentage of 45% or less to be an eligible location for a Walker Settlement Voucher family. To be eligible for Walker Settlement Vouchers, the poverty percentage of the tract will still have to be less than the 2020 poverty population for the City of Dallas. This change in the definition of eligible census tracts allows the use of a small number of low poverty census tracts without a significant increase in the number of minority tracts eligible for Walker Settlement Vouchers.

**The proposed agreement is likely to be approved pursuant to the Fifth Circuit requirements**.

In the Fifth Circuit, fairness, adequacy and reasonableness are typically measured by the six "Reed factors": (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

The Fifth Circuit factors are satisfied. As set out above, the settlement was conducted at arms length. There are no agreements for attorney fees or special treatment for class members that would suggest fraud or collusion. As set out above, the settlement was reached after the close of the pleadings and the completion of request for production and two Rule 30(b)(6) depositions. DHA presented defenses to the requested relief and had requested mediation on DHA's proposal for new language and terms to the governing orders as well as the relief sought

in the motion. Defendant Housing Authority of the City of Dallas' Response to Plaintiffs' Motion for Relief from DHA's Non-compliance with Remedy Orders, page 7, Doc. 2798. The only relief sought was injunctive relief and the relief obtained was the relief sought in Plaintiffs' Motion. Compare Plaintiffs' Motion, Doc. 2787, pages 3 and 4 with the proposed Agreed Final Judgment, Joint Appendix, pages 10 - 11, 13 - 15. The class representative and class counsel support court approval of the proposed Amended Agreed Final Judgment. Plaintiffs' Appendix, pages 2 - 3. The absent class members have not yet had an opportunity to respond to the proposal.

**The material presented supports the approval of notice to the class.**

The materials presented by the parties show that the Court will likely be able to approve the proposal under Rule 23(e)(2). The proposed notice will be provided by print media publications and by DHA's website. The proposed notice sets out the basic provisions of the proposed agreement. Joint Appendix pages 33 - 34. The relief provided will continue the Walker Settlement Voucher remedial program previously approved by the Court. The parties Joint Motion for approval of the notice meets the Fed. R. Civ. P. 23(e)(1)(B) requirements supporting the provision of notice to the class.

**Conclusion**

There is overriding public interest in favor of class action settlements. *In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014)*; Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 507 (5th Cir. 1981). The provision of the relief for the class provided in the proposed Amended Agreed Final Judgment is within the range of that public interest. The provision of the additional

financial assistance and the additional Walker Settlement Vouchers is fair, adequate, and reasonable.

                Respectfully Submitted,

                /s/ Michael M. Daniel
                Michael M. Daniel
                State Bar No. 05360500
                DANIEL & BESHARA, P.C.
                3301 Elm Street
                Dallas, Texas 75226-1637
                214-939-9230
                Fax 214-741-3596
                E-mail: daniel.michael@att.net
                Attorney for Plaintiffs

                Laura B. Beshara
                State Bar No. 02261750
                DANIEL & BESHARA, P.C.
                3301 Elm Street
                Dallas, Texas 75226-1637
                214-939-9230
                Fax 214-741-3596
                E-mail: laurabeshara@swbell.net
                Attorney for Plaintiffs

<u>Certificate of Service</u>

   I hereby certify that on June 13, 2019, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system will send a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

                s/ Michael M. Daniel
                Attorney for Plaintiffs