IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEBRA WALKER, ET AL.    *
            *
v.            *
            *  3:85-CV-1210-O
U.S. DEPARTMENT OF HOUSING  *
AND URBAN DEVELOPMENT, ET AL., *  CLASS ACTION
            *

PLAINTIFFS' APPENDIX IN SUPPORT
OF THE JOINT PLAINTIFFS' AND DHA'S MOTION FOR
APPROVAL OF AMENDED AGREED FINAL JUDGMENT

Tab  Document                         Page

1.  Declaration of Lillie Kay Thompson in Support of the
   Proposed Amended Agreed Final Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.  Plaintiffs' Request for Production of Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3.  Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(6) Deposition. . . . . . . . . . . . . . . . . . . . . . . . 19

4.  Cover page from the Oral Deposition of Housing Authority
   of the City of Dallas Troy Broussard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

5.  Cover page from the Oral Deposition of Chetana Chaphekar Corporate
   Representative for the Housing Authority of the City of Dallas. . . . . . . . . . . . . . . . . . . 34

6.  DHA Housing Solutions for North Texas; Table 2:
   Characteristics of R/ECAP Census Tracts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

7.  Signature & Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WALKER, ET AL. | * | |
| | * | |
| v. | * | |
| | * | 3:85-CV-1210-O |
| U.S. DEPARTMENT OF HOUSING | * | |
| AND URBAN DEVELOPMENT, ET AL., | * | CLASS ACTION |
| | * | |

## DECLARATION OF LILLIE KAY THOMPSON
IN SUPPORT OF THE PROPOSED AMENDED AGREED FINAL JUDGMENT

My name is Lillie Kay Thompson. I am one of the seven named plaintiffs in the 1986

second amended complaint in this case setting out the class action and seeking a remedy for the

racial segregation in the Housing Authority of the City of Dallas' (DHA) public housing and

Section 8 voucher programs. I am a member of the *Walker* class certified by the Agreed Order

Certifying Rule 23(b)(2) Class (January 19, 2001, Dkt. No. 2113) as "all African-American

persons who, in the past, currently, or in the future: (i) lived or live in public housing, or (ii)

received or receive [HCV] assistance, or (iii) applied or will apply for public housing or [HCV]

assistance pursuant to a program." I was a tenant receiving Housing Choice Voucher assistance.

I have served as one of the *Walker* class representatives since the original class was approved by

the Court on January 20, 1987. *Walker v. HUD*, 734 F.Supp. 1231, 1233 n. 11 (N.D. Tex. 1989).

Since 2007 I have been employed by the Inclusive Communities Project, Inc. as a

counselor for voucher families seeking assistance to move to desegregated neighborhoods. My

experience as a voucher tenant and a mobility counselor for voucher families is extensive. I work

with class members on a daily basis to help them find housing of their choice. I have counseled

Declaration of Lillie Kay Thompson.wpd -1-

numerous Walker Settlement Voucher tenants and know the benefits of the Walker Settlement Voucher Program.

Plaintiffs' counsel provided me with a copy of the proposed Amended Agreed Final Judgment and the proposed Notice of Pending Settlement of Class Action that are being submitted to the Court for approval. Plaintiffs' counsel have discussed both documents and explained the process that led to the proposed agreement. The proposed additional Walker Settlement Vouchers, the $3,000,000 in mobility financial assistance, and the continued use of the 125% of SAFMR payment standard will clearly benefit the class members who seek to relocate to or remain in desegregated neighborhoods. These provisions continue the benefits of the Walker Settlement Voucher program that has been ongoing since 2001.

I support approval of the proposed Amended Agreed Final Judgment.

The proposed Notice of Pending Settlement of Class Action adequately informs class members that there are proposed changes in the Agreed Final Judgment and how to obtain more information about those changes. The publication process in printed media and online at the DHA website will give class members the opportunity to seek more information about those changes.

I support approval of the proposed Notice of Pending Settlement of Class Action.

I declare under penalty of perjury that the statements in this declaration are true and correct.

June 12 2019
Date

Lillie Kay Thompson

Declaration of Lillie Kay Thompson.wpd                                    -2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEBRA WALKER, ET AL.　　　*
　　　　　　　　　　　　　*
v.　　　　　　　　　　　　*
　　　　　　　　　　　　　*　　3:85-CV-1210-O
U.S. DEPARTMENT OF HOUSING　*
AND URBAN DEVELOPMENT, ET AL.,　*　　CLASS ACTION
　　　　　　　　　　　　　*

PLAINTIFFS' REQUEST FOR
PRODUCTION OF DOCUMENTS

　　　Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs request that The

Housing Authority of the City of Dallas (DHA) produce the following documents and

electronically stored information (collectively hereafter, "documents") to Plaintiffs' counsel

within 30 days.

　　　1. Produce all document containing information showing the receipt of or authorization to

use all funds provided by HUD to DHA pursuant to the HUD Settlement Stipulation and Order

and the Order Approving Plan for DHA's Implementation of HUD Settlement as DHA's Section

8 Substitution Plan.

　　　2. Produce all audits conducted of DHA's expenditure of the $2,205,549 from the ACC

Program Reserve for the purpose of providing mobility counseling in connection with the

Settlement Stipulation and Order filed March 8, 2001 that was authorized in the June 7, 2001

HUD letter to Ms. Ann Lott, Executive Director, Housing Authority of the City of Dallas,

Subject: Mobility Counseling Funding Provided Under the Walker Settlement Stipulation and

Order Filed March 8, 2001.

-1-

3. Produce all documents showing DHA's expenditure of the $2,205,549 from the ACC Program Reserve for the purpose of providing mobility counseling in connection with the Settlement Stipulation and Order filed March 8, 2001 that was authorized in the June 7, 2001 HUD letter to Ms. Ann Lott, Executive Director, Housing Authority of the City of Dallas, Subject: Mobility Counseling Funding Provided Under the Walker Settlement Stipulation and Order Filed March 8, 2001.

4. Produce the documents containing the information upon which the amounts stated in page 1 of the pdf file titled Walker Summary 2007 - 2018 are based. The table is titled "Dallas Housing Authority Walker Mobility & Regional Counseling Expenses 2007 Court Order." This document was provided to Plaintiffs' attorneys on September 7, 2018 in an email from DHA's attorney Katie Anderson.

5. Produce the documents containing the information upon which the amounts stated in page 64 of the pdf file titled Walker Summary 2007 - 2018 are based. The table is titled "Walker Program Mobility Assistance Expenses FY2008-2009 Summary." This document was provided to Plaintiffs' Counsel on September 7, 2018 by DHA's attorney Katie Anderson.

6. Produce the documents containing the information upon which the amounts of financial assistance provided for mobility to Walker Settlement Voucher participants stated in the DHA annual reports to the Court for the years 2007 through 2012 are based.

7. Produce the documents showing the names and duties of each person performing the work listed under each Job Title on the last page of the pdf file titled Walker Summary 2007 - 2018. The table is titled Dallas Housing Authority Walker Salary Allocation. This document was provided to Plaintiffs' attorneys on September 7, 2018 in an email from DHA's attorney Katie

-2-

Anderson.

8. Produce the documents showing the time period during which each person identified in the documents referred to in Request No. 7 performed those duties for the administration of the Walker Settlement Voucher program.

9. Produce the documents showing DHA's monthly and annual financial reports containing the information upon which the information on the last page of the pdf file titled Walker Summary 2007 - 2018 is based. The table is titled Dallas Housing Authority Walker Salary Allocation. This document was provided to Plaintiffs' attorneys on September 7, 2018 in an email from DHA's attorney Katie Anderson.

10. The SUBMISSION OF AGREED SETTLEMENT VOUCHER IMPLEMENTATION PLAN AND BUDGET-2007, Exhibit A, page 3 contains the following statement.

> HUD agreed to provide a one-time payment of an additional $1,000 in administrative fees ("Extraordinary Fees") for each of the 3,205 vouchers provided for this Program. The funding is provided to pay per-unit bonuses to landlords with units in Predominantly White Areas and provide financial assistance to Participants for the payment of application fees. The funding may also be used to pay for mobility counseling. DHA has received $2,038,000 under this allocation and will request another $1,167,000 as leases are executed. DHA has expended but not received reimbursement for $167,000 for administrative fees. DHA has used or shall use all of the Additional Administrative Fees in the Program as follows: pay per-unit bonuses to landlords of units in a Predominantly White Area who agree to participate, for the first time, in the Program; payment of apartment lease application fees; and payment for security deposits, moving expenses, and utility expenses. See Settlement Stipulation, ¶ 9. DHA has requested written consent from HUD to allow use of these monies for additional purposes to serve the Plaintiff class, specifically to assist Participants overcome the Rent Burden created by reductions in HUD's Fair Market Rents.

Produce all documents containing information about DHA's receipt of the $2,038,000 described in the statement.

11. Produce all documents containing information about DHA's request for another

-3-

$1,167,000 as leases are executed that is described in the statement set out in Request No. 7 and HUD's responses to that request and all documents showing the receipt of the $1,167,000.

12. Produce all documents containing information about DHA's statement set out in Request No. 7 that it has expended but not received reimbursement for $167,000 for administrative fees and any DHA request for the reimbursement and HUD's responses to that request.

13. In 2007 DHA made the following representations to the Court and to the plaintiff class. The representations were made in the Submission of Agreed Voucher Implementation Plan and Budget-2007, Document 2626, pages 6 and 7 of 48. This plan and the budget were subsequently adopted by Court order. Order Approving Agreed Settlement Agreed Voucher Implementation Plan and Budget-2007, Document 2627.

> The funding committed for counseling services and financial assistance under HUD's Settlement Stipulation includes three pools of funds which equaled $9,650,000. DHA has used or will use all of these funds for the implementation of this Program.
>
> . . .
>
> A. Mobility Counseling Fund [received as opposed to spending]
> HUD made available $4.5 million of Mobility Counseling Funding to DHA to provide counseling to class members participating in the Program. DHA was granted access to $2,202,549 of its program reserves (Mobility Counseling Reserves) to fund this account and an additional $2,297,451 was provided by HUD to satisfy the total commitment of Mobility Counseling Funding. DHA has received $1,988,572 of Mobility Counseling Funds and $704,077 of Mobility Counseling Reserves, which have been used for Mobility Counseling. DHA currently has $1,807,351 remaining available under this funding allocation for mobility counseling.
>
> . . .
>
> B. Regional Opportunity Counseling Funds
> HUD made available $1.945 million of Regional Opportunity Counseling Funds to DHA to provide mobility counseling required under this Program. DHA has

-4-

received $778,000 and currently has $1,167,000 available under this funding
allocation for mobility counseling.

. . .

C. Additional Administrative Fees
HUD agreed to provide a one-time payment of an additional $1,000 in
administrative fees ("Extraordinary Fees") for each of the 3,205 vouchers
provided for this Program. The funding is provided to pay per-unit bonuses to
landlords with units in Predominantly White Areas and provide financial
assistance to Participants for the payment of application fees. The funding may
also be used to pay for mobility counseling. DHA has received $2,038,000 under
this allocation and will request another $1,167,000 as leases are executed.

. . .

D Expenditures for Incentives.

To date DHA has spent $1,767,103 to provide incentives to landlords and
Participants under this Program.

Produce all documents containing the information upon which these statements were

based.

14. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2016, states on

page 17 that

Unearned revenue
The Authority recognizes revenues as earned. The amount received in advance of
the period in which it is earned is recorded as a liability as unearned revenue. As
of December 31, 2016, the Authority had $4,458,504 of unearned revenue of
which $2,141,055 was related to advance payments from HUD, $2,227,147 was
related to the Walker consent remedial order (see Note 13), and the remainder
related to unearned tenant revenues.

Produce the documents containing the information upon which the statement "$2,227,147

was related to the Walker consent remedial order" was based.

15. The Housing Authority of the City of Dallas Financial Statements (With

-5-

Supplementary Information) and Independent Auditor's Report December 31, 2016, states on page 26 that

Unearned revenue - Walker Program                 (1,211,885).

Produce the documents containing the information upon which the statement was based.

16. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2016, states on page 66 that:

| Line Item No. | Account Description | Section 8 Voucher 14.871 |
|---|---|---|
| 342-030 | Unearned Revenue - Other | 2,227,147 |

Produce the documents containing the information upon which the statement is based.

17. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 8 that:

Condensed Statement of Net Position
December 31,

| | 2017 | 2016 | Change |
|---|---|---|---|
| Net Position: Unrestricted | 58,755,449 | 57,505,554 | 1,249,895 |

Produce the documents containing the information upon which the statement is based.

18. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 10 that:

-6-

3. Unrestricted:
Unrestricted net position consists of net position that does not meet the definition of "restricted" or "net investment in capital assets". In the public housing environment, net position is sometimes designated to indicate that management does not consider them to be available for general operations. In contrast to restricted net assets, these types of constraints on resources are internal, and management can remove or modify them. The Authority has $58,755,449 in unrestricted net position. Please note that unrestricted does not necessarily mean undesignated. The Authority's net position is designated for "housing purposes."

Produce each document showing the amount and activity for which funds designated as "Unrestricted net position" were spent or obligated at any time in 2018.

19. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 18 that:

> As of December 31, 2017, the Authority had $2,282,631 of unearned revenue of which $1,867,184 was related to advance payments from HUD for HOPE VI CSS Escrow, $121,172 was related to the Walker consent remedial order (see Note 13), and the remainder related to unearned tenant revenues.

Produce the documents containing the information upon which the statement is based.

20. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 26 that:

Unearned revenue - Walker Program                    (121,172).

Produce the documents containing the information upon which the statement was based.

21. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 34 that:

-7-

In accordance with the Final Agreed Judgment filed December 21, 2004 and subsequently amended in the October 9, 2013 Agreed Amendments to the Walker Settlement Voucher Implementation Plan (doc. 2740-1), the Authority had a balance of mobility funds in the amount of $2,013,898. DHA is to use the funds to provide services related to mobility counseling (e.g. to pay landlord incentives, and assist with application fees, security deposits, moving expenses, and utility deposits). As of December 31, 2017, the unused balance of mobility funding under the Walker Settlement was $121,172.

Produce the documents containing the information upon which these statement are based.

22. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 62 that:

| Line Item No. | Account Description | Section 8 Voucher 14.871 |
|---|---|---|
| 111 | Cash-unrestricted | $6,860329 |
| . . . | | |
| 113 | Cash-other restricted | 1,462,742 |
| . . . | | |
| 115 | Cash-Restrcted for payment of current liability | 976,668 |
| 100 | Total Cash | 9,299,739 |

Produce the documents containing the information upon which the statements are based.

23. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 64 that:

| Line Item No. | Account Description | Section 8 Voucher 14.871 |
|---|---|---|
| 342-030 | Unearned Revenue - Other | 121,172 |

Produce the documents containing the information upon which the statement is based.

-8-

24. The Housing Authority of the City of Dallas Financial Statements (With Supplementary Information) and Independent Auditor's Report December 31, 2017, states on page 66 that:

| Line Item No. | Account Description | Section 8 Voucher 14.871 |
|---|---|---|
| 71500 | Other revenue | 1,108,926 |
| . . . | | |
| 91300 | Management Fee | 2,311,656 |

Produce the documents containing the information upon which the statements are based. The documents requested are those with the sources of the amount listed under 71500 "Other Revenue" and the contracts, billing statements, invoices, requests for proposals, and responses to requests for proposals, and other documents with information upon which the 91300 Management Fee amount of $2,311,656 is based.

25. Produce each audit of DHA's receipt and expenditure of the funds provided by the Settlement Stipulation and Order required by paragraph 17 of the April 26, 2001 Order Approving Plan for DHA's Implementation of HUD Settlement as DHA's Section 8 Substitution Plan. Paragraph 17 states:

> (17) DHA shall obtain an annual audit of its receipt and expenditure of the funds provided by the Settlement Stipulation and Order. The audit shall meet the same standards required for the Independent Public Accountant Audit of HUD funds. The audit shall include examination of DHA's compliance with the court approved budgets and this Order. The funds provided by the Settlement Stipulation and Order may be used to pay for this audit.

26. Produce each document containing the following administrative fee reserve related information:

-9-

• The amount, if any, of all DHA Section 8 administrative fee reserves used to assist Walker v. HUD class members with security deposits, moving expenses, and utility deposits;

• The following information for each Walker class member for which DHA used its Section 8 administrative fee reserves to assist with security deposits, moving expenses, and utility deposits: the dates and amounts of the assistance provided, the type of DHA program, the address by street number, street name, city, zip code, and the census tract of the location of the unit assisted;

• The amount of DHA's voucher administrative fee reserves now identified as Unrestricted Net Position (UNP) and Restricted Net Position (RNP) amounts as of December 31, 2017.

• The amount of DHA's voucher administrative fee reserves now identified as Unrestricted Net Position (UNP) and Restricted Net Position (RNP) amounts as of March 31, 2018.

27. Produce all correspondence between HUD and DHA on issues affecting the WSV participants, all documents and reports submitted by DHA to HUD containing information about the WSV program, participants, and units, and all responses by HUD to DHA's documents and reports. The period covered by this request is from July 10, 2007 through the present. The 2007 Settlement Voucher Implementation Plan specifically provides that DHA shall maintain the information and make it available for inspection and copying by plaintiffs' counsel upon request. Section X. Reporting Activities C. Information Available Upon of the 2007 Settlement Voucher Implementation Plan, Document 2626, page 19 of 48.

-10-

28. Produce all documents containing information about DHA's application for shortfall funding from HUD.

29. Produce all documents containing information about HUD's statements about or actions taken with regard to DHA's application for shortfall funding.

30. Produce all documents containing information upon which DHA based its decision to apply for shortfall funding from HUD.

31. Produce all documents containing information about HUD's response to DHA's September 7, 2018 request for a shortfall request related waiver. This document was provided to Plaintiffs' attorneys on September 7, 2018 in an email from DHA's attorney Katie Anderson.

32. Produce the HUD documents giving notice of and authorization of the funds for the second allocation of Walker Settlement Voucher funds.

33. Produce each document containing information upon which DHA bases its position that there is insufficient funding for 2,646 Walker Settlement Vouchers.

34. Produce each document containing information about DHA's formal request to the City of Dallas for additional mobility funds for Walker eligible clients that is set out in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

35. Produce each document containing information about DHA's formal request to HUD for additional mobility funds for Walker eligible clients and any Walker Funds that may still be owed  that is set out in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

36. Produce each document containing information about DHA's formal request to HUD for incremental Housing Assistance Payments for Walker Settlement Voucher recipients to cover

-11-

expenses associated with the approximate 1,048 Walker Settlement clients yet to be served that is set out in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

37. Produce each document containing information about DHA's estimate of the amount of the incremental Housing Assistance Payments for Walker Settlement Voucher recipients needed to cover expenses associated with the approximate 1,048 Walker Settlement clients yet to be served that is set out in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

38. The DALLAS HOUSING AUTHORITY WALKER SETTLEMENT Statement of Receipts and Disbursements Years ended December 31, 2004, December 31, 2005 and December 31, 2006, page 5 contains the following statements:

> D. 2006 HUD Operating Grants
> During 2006 DHA received $10,356,286 from HUD for further Walker Settlement Plan use. DHA worked with Plaintiff representatives and jointly developed a specific plan, which was approved by the Court on July 10, 2007, for use of the funds.
> E. Subsequent Events
> On July 10, 2007 the Court approved an Agreed Settlement Voucher Implementation Plan and Budget - 2007. The Plan redefines, based on Walker Settlement experience, the approved uses of and compliance terms for the remaining approximately $9,650,000 of funds allocated for Walker Settlement purposes.

Produce each document upon which the statements are based. The statements for which the documents are requested include the statement that "DHA received $10,356,286 from HUD for further Walker Settlement Plan use" and the statement that "The Plan redefines, based on Walker Settlement experience, the approved uses of and compliance terms for the remaining approximately $9,650,000 of funds allocated for Walker Settlement purposes."

39. The HUD Quality Assurance Division report Housing Authority City of Dallas

-12-

Financial Management Review (QAD-FMR-2017-TX009) contains the following statements.

> • In April 2010 the HACD received $1,030,830 in HAP funding. These funds were the balance of 2005 HAP funds (budget authority) that were not disbursed until April 2010 during FMC 2005 settlement process. The HACD incorrectly recorded these funds as mobility counseling funds for use with the Walker litigation. Page 3.
> . . .
> • In April 2010 the HACD received $1 ,030,830 in HAP funding. These funds were the balance of 2005 HAP funds (budget authority) that were not disbursed until April 2010 during FMC 2005 settlement process. The HACD incorrectly recorded these funds as mobility counseling funds for use with the Walker litigation. Page 9.

Produce each document containing DHA's recording of the funds referred to as mobility counseling funds for use with the Walker litigation.

40. Produce each document containing information about the funds referred to by the QAD statement "In April 2010 the HACD received $1,030,830 in HAP funding " that DHA provided to the HUD Quality Assurance Division.

41.Produce each document containing information about any action taken by DHA to change the determination by the HUD Quality Assurance Division that the funds referred to by the QAD statement "In April 2010 the HACD received $1,030,830 in HAP funding " were incorrectly recorded as mobility counseling funds for use with the Walker litigation.

42. Produce documents containing the following information:

• the number of the DHA non-Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• the number of the DHA Walker Settlement Voucher under lease for each month between June 1, 2014 and July 1, 2018,

• the total HUD HAP funding for the DHA non-Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

-13-

• the total HUD HAP funding for the DHA Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• the total amount of the HUD provided administrative fee for the DHA non-Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• the per capita non-Walker Settlement Voucher HUD provided administrative fee for each month between June 1, 2014 and July 1, 2018,

• the total amount of the HUD provided administrative fee for the DHA Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• and the per capita Walker Settlement Voucher HUD provided administrative fee for each month between June 1, 2014 and July 1, 2018.

43. Produce each document containing information about each fact or opinion upon which DHA bases its opposition to Plaintiffs' Motion for Relief from DHA's Non-compliance With Remedy Orders.

Respectfully Submitted,

/s/ Michael M. Daniel
Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: daniel.michael@att.net
Attorney for Plaintiffs

Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street

-14-

Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net
Attorney for Plaintiffs

Certificate of Service

I hereby certify that on September 11, 2018 I electronically submitted the foregoing document by email to counsel for DHA including Katie Anderson and Greg Mays.

s/ Michael M. Daniel
Attorney for Plaintiffs

-15-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEBRA WALKER, ET AL.          *
                              *
v.                            *
                              *     3:85-CV-1210-O
U.S. DEPARTMENT OF HOUSING     *
AND URBAN DEVELOPMENT, ET AL., *     CLASS ACTION
                              *

PLAINTIFFS' NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION

Please take notice that the Plaintiffs will take the Fed. Civ. P. 30(b)(6) deposition of

the Housing Authority of the City of Dallas (DHA) on October 25, 2018 at 9:30 A.M. at the

offices of Daniel & Beshara, P.C., 3301 Elm Street, Dallas, Texas 75226. Plaintiffs will consider

changing the date, time, and place of the deposition upon a request for a reasonable alternative

date, time, and place.

The Housing Authority of the City of Dallas (DHA) shall designate a person or persons to

testify on the following subjects:

1. The existence and content of all audits conducted of the receipts and expenditures of all

funds provided by the Settlement Stipulation and Order and pursuant to the Order Approving

Plan for DHA's Implementation of HUD Settlement as DHA's Section 8 Substitution Plan.

Paragraph 17 of the April 26, 2001 Order Approving Plan for DHA's Implementation of HUD

Settlement as DHA's Section 8 Substitution Plan. Paragraph 17 states:

> (17) DHA shall obtain an annual audit of its receipt and
> expenditure of the funds provided by the Settlement Stipulation
> and Order. The audit shall meet the same standards required for
> the Independent Public Accountant Audit of HUD funds. The audit
> shall include examination of DHA's compliance with the court

-1-

approved budgets and this Order. The funds provided by the
Settlement Stipulation and Order may be used to pay for this
audit.

2. The existence and content of all audits conducted of DHA's expenditure of the

$2,205,549 from the ACC Program Reserve for the purpose of providing mobility counseling in

connection with the Settlement Stipulation and Order filed March 8, 2001 that was authorized in

the June 7, 2001 HUD letter to Ms. Ann Lott, Executive Director, Housing Authority of the City

of Dallas, Subject: Mobility Counseling Funding Provided Under the Walker Settlement

Stipulation and Order Filed March 8, 2001.

3. The existence and content of all documents showing DHA's expenditure of the

$2,205,549 from the ACC Program Reserve for the purpose of providing mobility counseling in

connection with the Settlement Stipulation and Order filed March 8, 2001 that was authorized in

the June 7, 2001 HUD letter to Ms. Ann Lott, Executive Director, Housing Authority of the City

of Dallas, Subject: Mobility Counseling Funding Provided Under the Walker Settlement

Stipulation and Order Filed March 8, 2001.

4. The information upon which the amounts stated in page 1 of the pdf file titled Walker

Summary 2007 - 2018 are based. The table is titled "Dallas Housing Authority Walker Mobility

& Regional Counseling Expenses 2007 Court Order." This document was provided to Plaintiffs'

Counsel on September 7, 2018 by DHA's attorney Katie Anderson.

5. The information upon which the amounts stated in page 64 of the pdf file titled Walker

Summary 2007 - 2018 are based. The table is titled "Walker Program Mobility Assistance

Expenses FY2008-2009 Summary." This document was provided to Plaintiffs' Counsel on

September 7, 2018 by DHA's attorney Katie Anderson.

-2-

6. The information in the DHA annual reports to the Court for 2008 and 2009 for the amounts of financial assistance provided for mobility to Walker Settlement Voucher participants compared to the amounts stated in page 64 of the pdf file titled Walker Summary 2007 - 2018. The table on page 64 of the pdf is titled "Walker Program Mobility Assistance Expenses FY2008-2009 Summary." This document was provided to Plaintiffs' Counsel on September 7, 2018 by DHA's attorney Katie Anderson.

7. The names and duties of each person performing the work listed under each Job Title on the last page of the pdf file titled Walker Summary 2007 - 2018. The table is titled Dallas Housing Authority Walker Salary Allocation. This document was provided to Plaintiffs' Counsel on September 7, 2018 by DHA's attorney Katie Anderson.

8. The time period during which each person identified in the documents referred to in Subject No. 7 performed those duties for the administration of the Walker Settlement Voucher program.

9. The information in the documents showing DHA's monthly and annual financial reports containing the information compared to the information on the last page of the pdf file titled Walker Summary 2007 - 2018 is based. The table is titled Dallas Housing Authority Walker Salary Allocation. This document was provided to Plaintiffs' Counsel on September 7, 2018 by DHA's attorney Katie Anderson.

10. The information in the DHA Annual Report to the Court for the year 2007 and the year 2008 the amounts of financial assistance provided for mobility to Walker Settlement Voucher participants compared to the information on the last page of the pdf file titled Walker Summary 2007 - 2018 is based. The table is titled Dallas Housing Authority Walker Salary

-3-

Allocation. This document was provided to Plaintiffs' Counsel on September 7, 2018 by DHA's attorney Katie Anderson.

11. DHA's receipt of the $2,038,000 referred to in the following statement from The SUBMISSION OF AGREED SETTLEMENT VOUCHER IMPLEMENTATION PLAN AND BUDGET-2007, Exhibit A, page 3.

> HUD agreed to provide a one-time payment of an additional $1,000 in administrative fees ("Extraordinary Fees") for each of the 3,205 vouchers provided for this Program. The funding is provided to pay per-unit bonuses to landlords with units in Predominantly White Areas and provide financial assistance to Participants for the payment of application fees. The funding may also be used to pay for mobility counseling. DHA has received $2,038,000 under this allocation and will request another $1,167,000 as leases are executed. DHA has expended but not received reimbursement for $167,000 for administrative fees. DHA has used or shall use all of the Additional Administrative Fees in the Program as follows: pay per-unit bonuses to landlords of units in a Predominantly White Area who agree to participate, for the first time, in the Program; payment of apartment lease application fees; and payment for security deposits, moving expenses, and utility expenses. See Settlement Stipulation, ¶ 9. DHA has requested written consent from HUD to allow use of these monies for additional purposes to serve the Plaintiff class, specifically to assist Participants overcome the Rent Burden created by reductions in HUD's Fair Market Rents.

12. DHA's proposed request for another $1,167,000 as leases are executed that is described in the statement set out in Subject No. 11, HUD's responses to that request, and whether the $1,167,000 was received by DHA.

13. DHA's statement set out in Subject No. 11 that it has expended but not received reimbursement for $167,000 for administrative fees and any DHA request for the reimbursement and HUD's responses to that request.

14. The following representations made by DHA to the Court and to the plaintiff class in the Submission of Agreed Voucher Implementation Plan and Budget-2007, Document 2626, pages 6 and 7 of 48. This plan and the budget were subsequently adopted by Court order. Order

-4-

Approving Agreed Settlement Agreed Voucher Implementation Plan and Budget-2007,

Document 2627.

> The funding committed for counseling services and financial assistance under HUD's Settlement Stipulation includes three pools of funds which equaled $9,650,000. DHA has used or will use all of these funds for the implementation of this Program.

. . .

> A. Mobility Counseling Fund
> HUD made available $4.5 million of Mobility Counseling Funding to DHA to provide counseling to class members participating in the Program. DHA was granted access to $2,202,549 of its program reserves (Mobility Counseling Reserves) to fund this account and an additional $2,297,451 was provided by HUD to satisfy the total commitment of Mobility Counseling Funding. DHA has received $1,988,572 of Mobility Counseling Funds and $704,077 of Mobility Counseling Reserves, which have been used for Mobility Counseling. DHA currently has $1,807,351 remaining available under this funding allocation for mobility counseling.

. . .

> B. Regional Opportunity Counseling Funds
> HUD made available $1.945 million of Regional Opportunity Counseling Funds to DHA to provide mobility counseling required under this Program. DHA has received $778,000 and currently has $1,167,000 available under this funding allocation for mobility counseling.

. . .

> C. Additional Administrative Fees
> HUD agreed to provide a one-time payment of an additional $1,000 in administrative fees ("Extraordinary Fees") for each of the 3,205 vouchers provided for this Program. The funding is provided to pay per-unit bonuses to landlords with units in Predominantly White Areas and provide financial assistance to Participants for the payment of application fees. The funding may also be used to pay for mobility counseling. DHA has received $2,038,000 under this allocation and will request another $1,167,000 as leases are executed.

. . .

> D Expenditures for Incentives.

> To date DHA has spent $1,767,103 to provide incentives to landlords and Participants under this Program.

-5-

15. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2016, statement on

page 17 that

> Unearned revenue
> The Authority recognizes revenues as earned. The amount received in advance of
> the period in which it is earned is recorded as a liability as unearned revenue. As
> of December 31, 2016, the Authority had $4,458,504 of unearned revenue of
> which $2,141,055 was related to advance payments from HUD, $2,227,147 was
> related to the Walker consent remedial order (see Note 13), and the remainder
> related to unearned tenant revenues.

16. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2016, statement on

page 26 that

> Unearned revenue - Walker Program                    (1,211,885).

17. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2016, statement on

page 66 that:

| Line Item No. | Account Description | Section 8 Voucher 14.871 |
|---|---|---|
| 342-030 | Unearned Revenue - Other | 2,227,147 |

18. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 8 that:

> Condensed Statement of Net Position
> December 31,

| | 2017 | 2016 | Change |
|---|---|---|---|

Net Position:
Unrestricted                     58,755,449          57,505,554        1,249,895.

19. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 10 that:

> 3. Unrestricted:
> Unrestricted net position consists of net position that does not meet the definition
> of "restricted" or "net investment in capital assets". In the public housing
> environment, net position is sometimes designated to indicate that management
> does not consider them to be available for general operations. In contrast to
> restricted net assets, these types of constraints on resources are internal, and
> management can remove or modify them. The Authority has $58,755,449 in
> unrestricted net position. Please note that unrestricted does not necessarily mean
> undesignated. The Authority's net position is designated for "housing purposes."

and the amount and activity for which funds designated as "Unrestricted net position"

were spent or obligated by DHA at any time in 2018.

20. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 18 that:

> As of December 31, 2017, the Authority had $2,282,631 of unearned revenue of
> which $1,867,184 was related to advance payments from HUD for HOPE VI CSS
> Escrow, $121,172 was related to the Walker consent remedial order (see Note 13),
> and the remainder related to unearned tenant revenues.

21. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 26 that:

Unearned revenue - Walker Program                    (121,172).

22. The Housing Authority of the City of Dallas Financial Statements (With

-7-

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 34 that:

> In accordance with the Final Agreed Judgment filed December 21, 2004 and
> subsequently amended in the October 9, 2013 Agreed Amendments to the Walker
> Settlement Voucher Implementation Plan (doc. 2740-1), the Authority had a
> balance of mobility funds in the amount of $2,013,898. DHA is to use the funds to
> provide services related to mobility counseling (e.g. to pay landlord incentives,
> and assist with application fees, security deposits, moving expenses, and utility
> deposits). As of December 31, 2017, the unused balance of mobility funding
> under the Walker Settlement was $121,172.

23. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 62 that:

| Line Item | | Section 8 Voucher |
| --- | --- | --- |
| No. | Account Description | 14.871 |
| 111 | Cash-unrestricted | $6,860329 |
| . . . | | |
| 113 | Cash-other restricted | 1,462,742 |
| . . . | | |
| 115 | Cash-Restrcted for payment of current liability | 976,668 |
| 100 | Total Cash | 9,299,739 |

24. The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

page 64 that:

| Line Item | | Section 8 Voucher |
| --- | --- | --- |
| No. | Account Description | 14.871 |
| 342-030 | Unearned Revenue - Other | 121,172 |

25.The Housing Authority of the City of Dallas Financial Statements (With

Supplementary Information) and Independent Auditor's Report December 31, 2017, statement on

-8-

page 66 that:

| Line Item No. | Account Description | Section 8 Voucher 14.871 |
|---|---|---|
| 71500 | Other revenue | 1,108,926 |
| . . . | | |
| 91300 | Management Fee | 2,311,656 |

The subjects for designation of a person to testify on this request are the sources of the amount listed under 71500 "Other Revenue" and the contracts, billing statements, invoices, requests for proposals, and responses to requests for proposals, and other information upon which the 91300 Management Fee amount of $2,311,656 is based.

26. The following administrative fee reserve related information:

• The amount, if any, of all DHA Section 8 administrative fee reserves used to assist Walker v. HUD class members with security deposits, moving expenses, and utility deposits;

• The following information for each Walker class member for which DHA used its Section 8 administrative fee reserves to assist with security deposits, moving expenses, and utility deposits: the dates and amounts of the assistance provided, the type of DHA program, the address by street number, street name, city, zip code, and the census tract of the location of the unit assisted;

• The amount of DHA's voucher administrative fee reserves now identified as Unrestricted Net Position (UNP) and Restricted Net Position (RNP) amounts as of December 31, 2017.

• The amount of DHA's voucher administrative fee reserves now identified as Unrestricted Net Position (UNP) and Restricted Net Position (RNP) amounts as of

-9-

March 31, 2018.

27. The information in the correspondence between HUD and DHA on issues affecting the WSV participants, all documents and reports submitted by DHA to HUD containing information about the WSV program, participants, and units, and all responses by HUD to DHA's documents and reports. The period covered by this request is from July 10, 2007 through the present. The 2007 Settlement Voucher Implementation Plan specifically provides that DHA shall maintain the information and make it available for inspection and copying by plaintiffs' counsel upon request. Section X. Reporting Activities C. Information Available Upon of the 2007 Settlement Voucher Implementation Plan, Document 2626, page 19 of 48.

28. The information in DHA's 2018 application for shortfall funding from HUD.

29. The information in DHA's September 7, 2018 waiver request to HUD and HUD's response to the request. The waiver request was supplied to Plaintiffs' attorneys on September 7, 2018 by email from DHA's attorney Katie Anderson.

30. HUD's statements about or actions taken with regard to DHA's 2018 application for shortfall funding.

31. DHA's decision to apply for shortfall funding from HUD in 2018.

32. The HUD documents giving notice of and authorization of the funds for the second allocation of Walker Settlement Voucher funds.

33. The information upon which DHA bases its position that there is insufficient funding for 2,646 Walker Settlement Vouchers.

34. The information about DHA's formal request to the City of Dallas for additional mobility funds for Walker eligible clients that is set out in the March 29, 2018 letter from DHA

-10-

President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

35. The  information about DHA's formal request to HUD for additional mobility funds for Walker eligible clients and any Walker Funds that may still be owed  that is set out in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

36. The information about DHA's formal request to HUD for incremental Housing Assistance Payments for Walker Settlement Voucher recipients to cover expenses associated with the approximate 1,048 Walker Settlement clients yet to be served that is set out in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

37. DHA's estimate of the amount of the incremental Housing Assistance Payments for Walker Settlement Voucher recipients needed to cover expenses associated with the approximate 1,048 Walker Settlement clients yet to be served that is referred to in the March 29, 2018 letter from DHA President & CEO Troy Broussard to Laura Beshara and Mike Daniel.

38. The following statement in the DALLAS HOUSING AUTHORITY WALKER SETTLEMENT Statement of Receipts and Disbursements Years ended December 31, 2004, December 31, 2005 and December 31, 2006, page 5.

> D. 2006 HUD Operating Grants
> During 2006 DHA received $10,356,286 from HUD for further Walker Settlement Plan use. DHA worked with Plaintiff representatives and jointly developed a specific plan, which was approved by the Court on July 10,2007, for use of the funds.
> E. Subsequent Events
> On July 10, 2007 the Court approved an Agreed Settlement Voucher Implementation Plan and Budget - 2007. The Plan redefines, based on Walker Settlement experience, the approved uses of and compliance terms for the remaining approximately $9,650,000 of funds allocated for Walker Settlement purposes.

The statements for which a person is requested to be designated to testify include the

-11-

statement that "DHA received $10,356,286 from HUD for further Walker Settlement Plan use"

and the statement that "The Plan redefines, based on Walker Settlement experience, the approved

uses of and compliance terms for the remaining approximately $9,650,000 of funds allocated for

Walker Settlement purposes."

39. The following statement in the HUD Quality Assurance Division report Housing

Authority City of Dallas Financial Management Review (QAD-FMR-2017-TX009).

> • In April 2010 the HACD received $1,030,830 in HAP funding. These funds were the
> balance of 2005 HAP funds (budget authority) that were not disbursed until April 2010
> during FMC 2005 settlement process. The HACD incorrectly recorded these funds as
> mobility counseling funds for use with the Walker litigation. Page 3.
> . . .
> • In April 2010 the HACD received $1,030,830 in HAP funding. These funds were the
> balance of 2005 HAP funds (budget authority) that were not disbursed until April 2010
> during FMC 2005 settlement process. The HACD incorrectly recorded these funds as
> mobility counseling funds for use with the Walker litigation. Page 9.

40. The funds referred to by the QAD statement "In April 2010 the HACD received

$1,030,830 in HAP funding" that DHA provided to the HUD Quality Assurance Division.

41. Any action taken by DHA to change the determination by the HUD Quality Assurance

Division that the funds referred to by the QAD statement "In April 2010 the HACD received

$1,030,830 in HAP funding"  were incorrectly recorded as mobility counseling funds for use

with the Walker litigation.

42.  The HUD HAP funding and the HUD administrative fee funding and the number of

vouchers in use as set out below:

• the number of the DHA non-Walker Settlement Vouchers under lease for each month

between June 1, 2014 and July 1, 2018,

• the number of the DHA Walker Settlement Voucher under lease for each month

-12-

between June 1, 2014 and July 1, 2018,

• the total HAP funding for the DHA non-Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• the total HAP funding for the DHAWalker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• the total amount of the HUD provided administrative fee for the DHA non-Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• the per capita non-Walker Settlement Voucher administrative fee for each month between June 1, 2014 and July 1, 2018,

• the total amount of the HUD provided administrative fee for the DHA Walker Settlement Vouchers under lease for each month between June 1, 2014 and July 1, 2018,

• and the per capita Walker Settlement Voucher administrative fee for each month between June 1, 2014 and July 1, 2018.

43.  The  information showing the receipt of or authorization to use all funds provided by HUD to DHA pursuant to the HUD Settlement Stipulation and Order and the Order Approving Plan for DHA's Implementation of HUD Settlement as DHA's Section 8 Substitution Plan.

44. Each fact or opinion upon which DHA bases its opposition to Plaintiffs' Motion for Relief from DHA's Non-compliance With Remedy Orders.

45. The documents produced by DHA in response to Plaintiffs' September 11, 2018 Request for Documents.

Respectfully Submitted,

-13-

/s/ Michael M. Daniel
  Michael M. Daniel
  State Bar No. 05360500
  DANIEL & BESHARA, P.C.
  3301 Elm Street
  Dallas, Texas 75226-1637
  214-939-9230
  Fax 214-741-3596
  E-mail: daniel.michael@att.net
  Attorney for Plaintiffs

  Laura B. Beshara
  State Bar No. 02261750
  DANIEL & BESHARA, P.C.
  3301 Elm Street
  Dallas, Texas 75226-1637
  214-939-9230
  Fax 214-741-3596
  E-mail: laurabeshara@swbell.net
  Attorney for Plaintiffs

## Certificate of Service

I hereby certify that on September 11, 2018 I electronically submitted the foregoing
document by email to counsel for DHA including Katie Anderson and Greg Mays.

s/ Michael M. Daniel
Attorney for Plaintiffs

-14-

```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
 2                          DALLAS DIVISION

 3    DEBRA WALKER, ET AL.           §
                                     §
 4         Plaintiffs,               §
                                     §
 5    VS.                            §           CIVIL ACTION
                                     §           NO. 3:85-CV-1210-O
 6                                   §
      U.S. DEPARTMENT OF HOUSING     §
 7    AND URBAN DEVELOPMENT, ET AL.  §
                                     §
 8         Defendants.               §

 9

10        ************************************************

11                      ORAL DEPOSITION OF

12          HOUSING AUTHORITY OF THE CITY OF DALLAS

13                        TROY BROUSSARD

14                      JANUARY 28, 2019

15        ************************************************

16             ORAL DEPOSITION OF HOUSING AUTHORITY OF THE CITY

17    OF DALLAS through TROY BROUSSARD, produced as a witness at

18    the instance of the Plaintiffs and duly sworn, was taken

19    in the above-styled and -numbered cause on the 28th of

20    January, 2018, from 9:54 a.m. to 10:45 a.m., before Melisa

21    Duncan, CSR in and for the State of Texas, reported by

22    machine shorthand, at the offices of Clark Hill

23    Strasburger, 901 Main Street, Suite 6000, Dallas, Texas,

24    in accordance with the Federal Rules of Civil Procedure

25    and agreement hereinafter set forth.
```

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
 2                       DALLAS DIVISION

 3   DEBRA WALKER, ET AL.,        *
                                  *
 4   VS                           *  3:85-CV-1210-O
                                  *
 5   U.S. DEPARTMENT OF HOUSING   *  CLASS ACTION
     AND URBAN DEVELOPMENT,       *
 6   ET AL.                       *

 7

 8   **************************************************
                      ORAL DEPOSITION
 9                   OF CHETANA CHAPHEKAR
                  CORPORATE REPRESENTATIVE
10    FOR THE HOUSING AUTHORITY OF THE CITY OF DALLAS
                 TAKEN ON FEBRUARY 20, 2019
11                       VOLUME 1
     **************************************************
12

13

14

15            ORAL DEPOSITION OF CHETANA CHAPHEKAR,

16   CORPORATE REPRESENTATIVE OF THE HOUSING AUTHORITY OF

17   THE CITY OF DALLAS, produced as a witness on behalf of

18   the Plaintiffs, and duly sworn, was taken in the

19   above-styled and -numbered cause, on February 20, 2019,

20   from 10:07 a.m. to 12:15 p.m., before Sonya

21   Britt-Davis, in and for the State of Texas, reported by

22   machine shorthand, at the law offices of Clark Hill

23   Strasburger, located at 901 Main Street, Suite 6000,

24   Dallas, Texas, pursuant to the Federal Rules of Civil

25   Procedure.
```

**TABLE 2: Characteristics of R/ECAP Census Tracts**

*R/ECAP: Racially/Ethnically*
*Concentrated Areas of Poverty*
*1= Yes / 0= No*

| ID | Households | Total DHA HCV | Walker Families | All Units | Black Concentration | Poverty Rate | R/ECAP 2017 | At-Risk R/ECAP | Census Tract Name |
|----|-----------|---------------|-----------------|-----------|---------------------|--------------|-------------|----------------|-------------------|
| 1 | 560 | 0 | 0 | 0 | 50.7 | 74.4 | 1 | 1 | CT 1017 |
| 2 | 1000 | 5 | 0 | 0 | 63.1 | 63.4 | 1 | 1 | CT 1036.01 |
| 3 | 1989 | 198 | 0 | 955 | 66.6 | 58.7 | 1 | 1 | CT 93.04 |
| 4 | 1848 | 457 | 0 | 217 | 60.2 | 57.7 | 1 | 1 | CT 205 |
| 5 | 1212 | 116 | 0 | 806 | 66.5 | 55.7 | 1 | 1 | CT 86.04 |
| 6 | 1454 | 28 | 0 | 210 | 58.8 | 50.6 | 1 | 1 | CT 49 |
| 7 | 1399 | 0 | 0 | 134 | 32.4 | 49.7 | 1 | 1 | CT 1046.02 |
| 8 | 694 | 111 | 0 | 340 | 93.9 | 49.2 | 1 | 1 | CT 39.01 |
| 9 | 1085 | 1 | 0 | 0 | 59.1 | 48.8 | 1 | 1 | CT 1038 |
| 10 | 1132 | 0 | 0 | 526 | 17.9 | 48.1 | 1 | 1 | CT 1223 |
| 11 | 2324 | 16 | 0 | 2368 | 14.6 | 47.7 | 1 | 1 | CT 317.20 |
| 12 | 1938 | 19 | 0 | 261 | 56.8 | 47.4 | 1 | 1 | CT 88.02 |
| 13 | 1372 | 36 | 0 | 238 | 8.5 | 47.2 | 1 | 1 | CT 15.03 |
| 14 | 1030 | 0 | 0 | 168 | 43.2 | 47.1 | 1 | 1 | CT 1231 |
| 15 | 1211 | 60 | 0 | 477 | 7.8 | 46.3 | 1 | 1 | CT 69 |
| 16 | 2199 | 0 | 0 | 2130 | 28.2 | 45.6 | 1 | 1 | CT 1219.05 |
| 17 | 1781 | 0 | 0 | 1583 | 20.9 | 45.2 | 1 | 1 | CT 1219.03 |
| 18 | 2980 | 379 | 0 | 2052 | 56.6 | 44.9 | 1 | 1 | CT 192.12 |
| 19 | 1129 | 2 | 0 | 815 | 4.5 | 44.9 | 1 | 1 | CT 166.05 |
| 20 | 1835 | 21 | 0 | 1514 | 25.8 | 44.8 | 1 | 1 | CT 78.15 |
| 21 | 1305 | 1 | 0 | 0 | 64.6 | 44.1 | 1 | 1 | CT 1025 |
| 22 | 1206 | 29 | 0 | 164 | 74.6 | 43.2 | 1 | 1 | CT 27.01 |
| 23 | 1692 | 76 | 0 | 1179 | 16.7 | 43.1 | 1 | 1 | CT 190.13 |
| 24 | 2399 | 26 | 0 | 1393 | 30.4 | 42.9 | 1 | 1 | CT 78.20 |
| 25 | 1326 | 0 | 0 | 946 | 28.7 | 42.7 | 1 | 1 | CT 1059.02 |
| 26 | 1308 | 15 | 0 | 148 | 59.4 | 42.6 | 1 | 1 | CT 111.04 |
| 27 | 1557 | 52 | 0 | 0 | 57.6 | 42.2 | 1 | 1 | CT 87.01 |
| 28 | 1903 | 132 | 0 | 426 | 94.2 | 42 | 1 | 1 | CT 209 |
| 29 | 1214 | 0 | 0 | 0 | 18.2 | 41.8 | 1 | 1 | CT 108.04 |
| 30 | 1675 | 146 | 0 | 1076 | 32.4 | 41.3 | 1 | 1 | CT 59.02 |
| 31 | 1594 | 40 | 0 | 512 | 64.1 | 41.2 | 1 | 1 | CT 152.02 |
| 32 | 965 | 17 | 0 | 0 | 52.7 | 41.2 | 1 | 1 | CT 117.02 |
| 33 | 1787 | 155 | 0 | 150 | 25 | 40.7 | 1 | 1 | CT 57 |
| 34 | 1053 | 5 | 0 | 535 | 13.3 | 40.2 | 1 | 1 | CT 87.03 |
| 35 | 1511 | 54 | 3 | 144 | 13.2 | 40.1 | 1 | 1 | CT 25 |
| 36 | 1487 | 113 | 0 | 608 | 84.9 | 39.7 | 0 | 1 | CT 87.04 |
| 37 | 250 | 1 | 0 | 150 | 63.4 | 39.7 | 0 | 1 | CT 86.03 |
| 38 | 2436 | 8 | 0 | 3146 | 57.9 | 39.6 | 0 | 1 | CT 1065.16 |

**DHA**
*Housing Solutions for North Texas*

| ID | Households | Total DHA HCV | Walker Families | All Units | Black Concentration | Poverty Rate | R/ECAP 2017 | At-Risk R/ECAP | Census Tract Name |
|----|-----------|---------------|-----------------|-----------|---------------------|--------------|-------------|----------------|-------------------|
| 39 | 829 | 12 | 0 | 118 | 90.8 | 39.5 | 0 | 1 | CT 38 |
| 40 | 2011 | 119 | 0 | 910 | 55 | 39.4 | 0 | 1 | CT 60.02 |
| 41 | 1408 | 134 | 0 | 877 | 21.7 | 39.1 | 0 | 1 | CT 192.13 |
| 42 | 1704 | 22 | 6 | 0 | 15.3 | 39.1 | 0 | 1 | CT 615 |
| 43 | 762 | 0 | 0 | 266 | 14.7 | 39.1 | 0 | 1 | CT 1222 |
| 44 | 1321 | 15 | 0 | 0 | 57.1 | 38.8 | 0 | 1 | CT 1235 |
| 45 | 882 | 1 | 0 | 0 | 39 | 38.8 | 0 | 1 | CT 55 |
| 46 | 455 | 12 | 0 | 0 | 88.3 | 38.3 | 0 | 1 | CT 40 |
| 47 | 1540 | 66 | 0 | 698 | 59.9 | 37.8 | 0 | 1 | CT 111.05 |
| 48 | 2681 | 80 | 0 | 344 | 24.6 | 37.5 | 0 | 1 | CT 118 |
| 49 | 1104 | 165 | 0 | 749 | 32.5 | 37.4 | 0 | 1 | CT 122.08 |
| 50 | 378 | 1 | 0 | 621 | 16.3 | 37.4 | 0 | 1 | CT 78.23 |

9

Respectfully Submitted,

/s/ Michael M. Daniel
Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: daniel.michael@att.net
Attorney for Plaintiffs

Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net
Attorney for Plaintiffs

## Certificate of Service

I hereby certify that on June 13, 2019, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/ Michael M. Daniel
Attorney for Plaintiffs