IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WALKER, ET AL. | * | |
| | * | |
| v. | * | |
| | * | 3:85-CV-1210-O |
| U.S. DEPARTMENT OF HOUSING | * | |
| AND URBAN DEVELOPMENT, ET AL., | * | CLASS ACTION |
| | * | |

APPENDIX IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO APPROVE SETTLEMENT

| Tab | Document | Page |
|---|---|---|
| 1. | Chronology of relevant opinions and orders in Walker v. HUD | 2 |
| 2. | Walker Fee Orders table | 9 |
| 3. | Signature and Certificate of Service | 13 |

**Chronology of relevant Opinions and Orders in *Walker v. HUD***

**1985-1993**

The Walker public housing/Section 8 desegregation litigation began in 1985. At that time, the public housing in Dallas was racially segregated by occupancy and by location. The Section 8 voucher program was equally segregated. There were no Black voucher families in the City of Dallas White areas or in the suburbs. The suit was subsequently amended to bring in the City of Dallas and to provide for a class of Black public housing and Section 8 applicants and participants. The initial settlement in the case was approved in 1987. *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 734 F. Supp. 1231, 1272, 1289 (N.D. Tex. 1989) *rev'd in part, Walker v. City of Mesquite, et al.*, 912 F.2d 819 (5th Cir. 1990).

The 1987 settlement provided for wide ranging relief. DHA was enjoined from racial discrimination in all of its public housing and Section 8 voucher programs. DHA was required to allow Section 8 vouchers to be used in the Dallas area suburbs. *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 734 F. Supp. 1231, 1248 (N.D. Tex. 1989). The class was certified. *Id.* at 1249. DHA was obligated to provide mobility counseling services to the voucher families including higher voucher payment standards needed to obtain housing in desegregated locations. A comprehensive plan for the revitalization of the West Dallas public housing project was approved. This plan provided for the demolition and replacement of 2,600 public housing units with Section 8 units that could be used anywhere in the Dallas metropolitan area. All West Dallas residents wishing to relocate were given the opportunity and resources to do so. *Id.* at 1250-1263.

By 1989, DHA was in extensive violation of the 1987 consent decree. The violations

included DHA's refusal to provide the required 120% Fair Market Rent Exceptions that would allow class members to obtain housing in predominantly White non-Hispanic areas. *Id*. at 1239. A special master was appointed. *Id*. at 1232-1246.

In *Walker v. U.S. Dept. of Hous. & Urban Dev.,* 734 F.Supp. 1272 (N.D. Tx 1989), *reversed* 912 F.2d 819 (5th Cir. 1990), the District Court determination that the Congressional budget amendment preventing the use of federal funds for demolition in the West Dallas public housing project was invalid was reversed. No federal funds could be used for demolishing the obsolete and vacant public housing units.

In *Walker v. U.S. Dept. of Hous. & Urban Dev.* 734 F.Supp. 1289 (N.D. Tex. 1989), the City of Dallas was joined as a defendant and found liable for its role in the public housing segregation. The class and the City of Dallas entered into the City Consent Decree entered on September 24, 1990. The consent decree provided a wide range of desegregated housing units, site and neighborhood improvements for the existing DHA public housing sites, police protection at the sites, funding for a low income housing civil rights organization, and funding for the West Dallas public housing revitalization program. The City estimated the total cost of the decree to be approximately $118 million. The cost included a $3,000,000 contingency fund for the demolition of the units in the West Dallas project for which the 1987 consent decree had provided replacement units. 1990 City Consent Decree, § 5.14, page 17.

The Court entered the Supplemental Consent Decree (DHA) on September 24, 1990. This consent decree with DHA required equalization of the conditions in and around DHA's public housing projects, a mobility counseling program for the Section 8 vouchers, and increases in the supply of desegregated affordable housing. The consent decree required payments to class

members denied housing by DHA's failure to comply with the 1987 consent decree requiring an increased voucher payment standard. Payments were also required to compensate class members who were denied housing by DHA's failure to comply with the obligation to timely develop the Country Creek/Barbara Jordan Square public housing. DHA delayed development of the project because it was in a White neighborhood. This project continues to provide housing for all DHA clients.

The Court entered an order concerning the EPA's emergency lead contaminated soil removal program at the West Dallas public housing project. 3/30/1992, Document 677. The order led to the appointment of experts to advise the Court on the effect of the lead contamination on the defendants' proposals to revitalize the West Dallas projects and increase the number of public housing units to remain on the site. Document 828, 3/16/1993.

The 1987 consent decree among the class, HUD, and DHA was vacated on 3/30/1992 for noncompliance by HUD and DHA. Document 680. The Fifth Circuit remanded this case to the District Court to make all necessary findings of fact and conclusions of law supporting the vacation. *Walker v. City of Mesquite*, 38 F.3d 569 (5th Cir. 1994).

The Court appointed the administrator of the $25 million dollar Housing Fund to be funded by the City under the City Consent Decree and approved the Housing Supply plan for implementation under the City Consent Decree. 3/30/1992, Document 723. The specific administrator was appointed on 3/16/1993. Document 829.

The Court granted plaintiffs' motion for summary judgment against DHA holding DHA liable for damages to each plaintiff. The amount of damages was left for a future determination. 12/4/1992, Document 770.

An order allowed the withdrawal of Elizabeth K. Julian as attorney for the plaintiffs and the class. 9/7/1993, Document 916. Ms. Julian withdrew from the case to be appointed HUD Deputy General Counsel for Civil Rights. She was subsequently appointed as HUD Assistant Secretary for Fair Housing and Equal Opportunity.

**1994-2000**

In 1994, the Court granted the class' motion for partial summary against HUD and DHA finding both parties liable to the class for injunctive relief. DHA admitted liability. 5/27/1994, Document 1066. The Court found the defendants' responsible for racial segregation in DHA's public housing projects and the Section 8 program and that from its inception, the public housing in Dallas was de jure racially segregated.

The Court entered the Remedial Order Affecting DHA on February 7, 1995. The remedial order directed DHA to take specific actions to remedy vestiges and the segregated and unequal conditions still affecting the class. The remedy included the development of an additional 3,205 public housing units in predominantly White areas. DHA had the option to provide a substitution plan for the public housing units and provide vouchers (over and above DHA's allocation of vouchers) to be used in White areas.

The Order approving the public housing development at Frankford and Marsh was entered 9/25/1995, Document 1281. This housing was opposed by the Public Housing Steering Committee, a group of homeowners, who intervened in the lawsuit. These 75 units continue to provide housing to all DHA clients.

The Court entered Findings of Fact and Conclusion of Law: HUD Motion to Modify Remedial Order Affecting HUD, June 12, 1996. These findings including the determination of

HUD liability for the public housing and voucher program racial segregation.

A remedial order was entered against HUD in 1996, Document 1328. This order was replaced by the Modified Remedial Order Affecting HUD on Dec. 5, 1997.

The Order enforcing the City of Dallas obligation to make the payments into the Housing Fund as required by the City Consent Decree and to pay interest on the payments wrongfully withheld was entered on 2/12/1997. Document 1540. The total award was $10.7 million that was paid into the Housing Fund. Four projects were done by the Housing Fund Administrator from 1995 through 1999 with loans from the Housing Fund that provided approximately 200 public housing units for class members in desegregated locations. Order approving the use of the Housing Fund for the Peters Colony affordable housing project in Carrollton, Document 1345, Document 1345, Wellington Place in Coppell, Document 1344, and Cascade in Mesquite, Document 1346.

In 1997, DHA selected two sites for 40 units of public housing in Far North Dallas. The District Court denied a motion by North Dallas homeowners near the sites to set aside the remedial order requiring development of public housing in White areas. 1997 WL 33177466 (N.D. Tex. 1997). The decision was reversed on the grounds that it had not been shown that a properly structured voucher program could not achieve the same desegregation results without the use of public housing development. 169 F.3d 973 (5th Cir. 1999), *rehearing en banc denied* 181 F.3d 98 (5th Cir. 1999), *cert. denied*, 528 U.S. 1131 (2000).

An Agreed Judgment for $25,000 in damages per each named plaintiff was entered on 10/2/1998 and paid by DHA. Document 1793.

-5-

**2001-2004**

The Settlement Stipulation and Order providing the Walker Settlement Vouchers and the mobility financial assistance and dismissing HUD from the case was entered on March 8, 2001. The Final Judgment was contingent upon HUD performance of the future obligations under the Settlement Stipulation and Order. This order is discussed in the brief.

The 2001 Order Approving Plan for DHA's Implementation of HUD Settlement as DHA's Section 8 Substitution Plan was entered on April 26, 2001. Doc. 2143. This order is discussed in the Brief.

The Court approved the selection of the site for the Hidden Ridge public housing project under the revised, race neutral site selection order. Order, Document 2259, 1/23/2003.

The Agreed Final Judgment setting out the terms for the end of the Court's jurisdiction over the City of Dallas was entered on 8/12/2003. Document 2329. The remaining obligations from the City Consent were in effect for another three years at which point the Court's jurisdiction ceased. The City agreed to pay $175,000 in attorney fees to the lawyers for the class.

The *Walker*, 326 F.Supp.2d 780 (N.D. Tex. 2004) District Court approval of 40 units in North Dallas pursuant to race neutral site selection order was affirmed 402 F.3d 532 (5th Cir. 2005); 163 Fed Appx 351 (5th Cir. 2005) denial of petition for rehearing en banc. This public housing project Villas at Hillcrest continues to provide housing for all DHA client.

In *Walker*, 326 F.Supp.2d 773 (N.D. Tex. 2004), DHA required to provide public financing in suburban areas.

The Agreed Final Judgment against DHA was entered on December 21, 2004. Document 2522. The judgment terminated many of DHA's obligations under previous remedial orders but

continued the Walker Settlement Voucher program in effect without setting a termination date.

**2007 to the present**

The Plan and Order approving a Walker Settlement Voucher Implementation held that "Settlement vouchers should be re-issued when a participant switches to a regular Section 8 program, but not when a participant withdraws from the program entirely. 5/17/07, Document 2622.

The 2013 Order, Documents 2740, 2741, approved a voluntary transfer program for Walker Settlement Voucher families to move from census tracts that were no longer eligible for Walker Settlement Vouchers because of changes in the 2010 U.S. Census. If the families did not choose to move, their Walker Settlement Voucher was changed to a regular Housing Choice Voucher. The Walker Settlement Vouchers for the families changing to the regular voucher were re-issued to other voucher families choosing to move to Walker Target Areas.

DHA paid $512,187.35 to Walker class members in reimbursements for DHA's failure to provide the 125% payment standard required by the Walker Settlement Voucher remedial orders. Notice of Plaintiffs' Report on the Final Resolution of Plaintiffs' Motion to Require Compliance. Documents 2143, Court Order Document 2759, 4/17/2014.

| | |
|---|---:|
| Summary of fees to plaintiffs attorneys 1993 - 2017 | |
| post entry of DHA final judgment (2005 - 2019, 14 year period) (entries 1- 4) | $406,148 |
| negotiation of Settlement Stipulation and Order (2001) and Substitution Planthrough 2005 (entries 5 - 13, 5 year period) | $760,227 |
| fees for time after 1993 fee application through 1999 (entries 14-18, 6 year period) | $241,881 |
| Fees in 1993 application as reduced by 5th Circuit (entries 19-21 multiyear period ) | $802,529 |
| fees to attorneys other than Plaintiffs's attorneys | |
| North Dallas Homeowner Intervenor fees (entry 1h) | $288,075 |

9

| | Date Filed | # | Docket Text | fee award |
|---|---|---|---|---|
| 1 | 8/3/2017 | 2784 | ORDER granting 2781 Motion for Attorney Fees: DHA is ordered to pay Plaintiffs' counsel, Daniel & Beshara, P.C., $131,476.00 in attorneys' fees within 30 days of the date of this order. (Ordered by Judge Reed C. O'Connor on 8/3/2017) (sss) (Entered: 08/04/2017) | $131,476 |
| 2 | 6/6/2014 | 2769 | ORDER granting 2767 Unopposed Motion for Attorney Fees. The Defendant Housing Authority of the City of Dallas shall pay plaintiffs' counsel, Daniel & Beshara, P.C., $90,675 within thirty days of the date of this order. (Ordered by Judge Reed C O'Connor on 6/6/2014) (aaa) (Entered: 06/06/2014) | $90,675 |
| 3 | 8/20/2007 | 2634 | AGREED ORDER granting 2628 Plaintiff's Motion for Attorney Fees. (Signed by Judge Jerry Buchmeyer on 08/20/2007) (axm) (Entered: 08/20/2007) | $154,425 |
| 4 | 1/4/2007 | 2595 | ORDER granting 2593 Plaintiffs' Motion for Attorney's Fees from the Housing Fund: The Merrill Lynch Trust, the holder of the Housing Fund accounts, is ordered to pay Daniel & Beshara, PC, the amount of $29,572.50 from the Walker Housing Fund Charitable Trust within 10 days from the date of this order. (Signed by Judge Jerry Buchmeyer on 12/21/06) (klm, ) (Entered: 01/05/2007) | $29,572 |
| 5 | 1/21/2005 | 2531 | ORDER granting 2527 Motion for Attorney Fees. DHA is ordered to pay plaintiffs' counsel Daniel & Beshara PC $261,292 in attys' fees within 10 days of the date of this order. See order for other specifics. (Signed by Judge Jerry Buchmeyer on 1/21/05) (jrb, ) (Entered: 01/21/2005) | $261,292 |
| 6 | 1/21/2005 | 2530 | ORDER granting 2526 Motion for Attorney Fees.The Merrill Lynch Fund for Institutions, the holder of The Housing Fund accounts is directed to pay Daniel & Beshara PC the amount of $29643.00 from Dallas Housing Authority Account 263-3337830-1 within 10 days of the date of this order. See order for other specifics. (Signed by Judge Jerry Buchmeyer on 1/21/05) (jrb, ) (Entered: 01/21/2005) | $29,643 |
| 7 | 8/12/2003 | 2329 | AGREED FINAL JUDGMENT The City denies any liability with respect to any matters against it in this action. The Plaintiff and the City consent to the entry of this Agreed Final Judgment. The City Consent Decree, entered on or about 9/24/90, and all other orders and agreements involving the City are dissolved. Any and all of the Plaintiffs' motions involving the City are dismissed with prejudice and all relief not granted in this final judgment is denied. See Agreed Final Judgment for specifics. (Signed by Judge Jerry Buchmeyer on 8/12/03) (jaw) (Entered: 08/13/2003) | $175,000 |

|    | Date Filed | #    | Docket Text | fee award |
|----|------------|------|-------------|-----------|
| 8  | 6/23/2003  | 2307 | AGREED ORDER ON ATTORNEYS' FEES. DHA shall pay Michael M. Daniel, PC $22,518 for time spent monitoring and implementing the Housing Fund provisions of the remedial orders in this case. DHA shall pay Michael M. Daniel, PC $11,828 for time spent monitoring and implementing the provisions of the remedial orders affecting DHA. (Signed by Judge Jerry Buchmeyer on 6/23/03) (aat, ) (Entered: 06/24/2003) | $35,000 |
| 9  | 3/18/2003  | 2282 | ORDER granting 2260 Motion for Attorney Fees. DHA shall pay Michael M. Daniel, P.C. the amount of $10,050 for time spent monitoring and implementing the Housing Fund provisions of the remedial orders in this case. This amount shall be paid from the Housing Fund. DHA shall pay Michael M. Daniel, P.C. the amount of $21,870 for time spent monitoring and implementing the provisions of the remedial orders affecting DHA. See Order for specifics. (Signed by Judge Jerry Buchmeyer on 03/18/03) (jaw) (Entered: 03/19/2003) | $32,000 |
| 10 | 7/19/2002  | 2213 | ORDER granting [2190-1] motion for postjudgment attorney fees. The City of Dallas is ordered to pay Michael M. Daniel, P.C. $106,141 within 30 days of the date of this order. (Signed by Judge Jerry Buchmeyer ) Copies to counsel: 07/22/02 Page(s) 1 (jaw) (Entered: 07/22/2002) | $106,141 |
| 11 | 1/19/2001  | 2114 | ORDER granting [2110-1] motion for 1/9/01 fees...Pla's counsel is awarded $25,068.13 in attorney's fees from the Housing Fund for the time set out in the appendix filed in support of the motion. The City of Dallas is ordered to pay the amount within 10 days of the date of this order. (See order for specifics) ( Signed by Chief Judge Jerry Buchmeyer ) Copies to counsel: 01/19/01 Page(s) 1 (vdf) (Entered: 01/19/2001) | $25,068 |
| 12 | 1/11/2001  | 2109 | STIPULATION AND ORDER OF SETTLEMENT OF PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES....In full and final settlement of Pla's motion, HUD and DHA shall each pay $21,177 to pla's counsel; withdrawing [2104-1] motion for attorney fees against HUD and DHA on Roseland Homes Litigation; Pla's hereby release dfts HUD and DHA from any and all claims for attorney's fees, expenses or costs pertaining to the Roseland Homes litigation for any period on or before 01/08/01. ( signed by Judge Buchmeyer) Copies to counsel: 01/12/01 Page(s) 4 (vdf) (Entered: 01/12/2001) | $42,000 |
| 13 | 3/10/2000  | 1990 | ORDER granting [1963-1] motion for fees against HUD on Roseland Homes related litigation..HUD shall pay Michael M Daniel, PC $54,083 (See order for specifics) ( signed by Judge Buchmeyer) Copies to counsel: 03/10/00 Page(s) 2 (vdf) (Entered: 03/10/2000) | $54,083 |

|    | Date Filed | #    | Docket Text | fee award |
|----|------------|------|-------------|-----------|
| 14 | 8/19/1999  | 1920 | ORDER granting [1903-1] motion for attorney fees concerning Cascade Park Apartments; the City of Dallas is ordered to pay Michael M. Daniel P.C. $9,507 from the Walker Housing Fund within 5 days from the date of this order (signed by JB) Copies to counsel: 8/19/99 Page(s) 4 (djd) (Entered: 08/19/1999) | $9,507 |
| 15 | 11/10/1998 | 1813 | ORDER granting plaintiffs' motion for interim attorney's fees on issues involving Cascade Park Apartments; Telesis Inc in its capacity as Housing Program Administrator is ordered to pay Michael M Daniel PC $24,296 from the Wellington Place debt service account within five days of the date of this order (see order for specifics) ( signed by JB) Copies to counsel: 11/12/98 Page(s) 3 (djd) (Entered: 11/12/1998) | $24,296 |
| 16 | 2/17/2000  | 1978 | ORDER granting [1954-1] motion for attorney fees... The City of Dallas is ordered to pay Michael M Daniel $27,411.06 within 30 days of the date of this order ( signed by Judge Buchmeyer) Copies to counsel: 02/18/00 Page(s) 1 (vdf) (Entered: 02/18/2000) | $27,411 |
| 17 | 2/9/1998   | 1722 | ORDER awarding post-judgment fees against HUD...the US is ordered to pay plaintiffs' atty, Michael M Daniel, the amt of $48,840.00 within 60 days of the date of this order. Interest will accrue at the relevant post-judgment interest rate. ( signed by JB) Copies to counsel: 2/10/98 Page(s) 1 (jrb) (Entered: 02/10/1998) | $48,840 |
| 18 | 2/3/1998   | 1718 | ORDER granting [1711-1] motion for attorney fees...the US is ordered to pay $131,827 to Michael M Daniel within 60 days of the date of this order. ( signed by JB) Copies to counsel: 2/4/98 Page(s) 1 (jrb) (Entered: 02/04/1998) | $131,827 |
| 19 | 2/28/1997  | 1548 | Fee ORDER to MMD, PC following 5th Circuit Opinion..see order for specifics. ( signed by Jb) Copies to counsel: 2/28/97 Page(s) 2 (jrb) (Entered: 02/28/1997) City of Dallas. Joint and several liability. | $511,788 |
| 20 | 2/27/1997  | 1547 | Fee Order implementing 5th Circuit Opinion for Fees to Elizabeth K Julian... | $118,774 |
| 21 |            | 1543 | Modified order requiring payment of fees and expenses to Michael M Daniel PC by City post 5th Cir ruling | $171,967 |
| 1h | 9/2/2003   | 2342 | ORDER: Homeowners have asked for attorneys' fees in the amount of $367,975.00. Upon reviewing the motion and the evidence filed therewith, the Court orders the Defendants Dallas Housing Authority pay to Homeowners attorneys' fees in the amount of 75% of the litigation fees and 100% of Homeowners' appellate fees. The Court orders Defendant Dallas Housing Authority to pay Homeowners $288,075.50... See Order for specifics. (Signed by Judge Jerry Buchmeyer on 9/2/03) (jaw) (Entered: 09/03/2003) | $288,075 |

Respectfully Submitted,

/s/ Michael M. Daniel
Michael M. Daniel
State Bar No. 05360500
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: daniel.michael@att.net
Attorney for Plaintiffs

Laura B. Beshara
State Bar No. 02261750
DANIEL & BESHARA, P.C.
3301 Elm Street
Dallas, Texas 75226-1637
214-939-9230
Fax 214-741-3596
E-mail: laurabeshara@swbell.net
Attorney for Plaintiffs

Certificate of Service

I hereby certify that on September 23, 2019, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

s/ Michael M. Daniel

13